UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSE A. MAGANA,<br><br>                      Plaintiff,<br>v.<br><br>RENE BAKER, et al.,<br><br>                      Defendants. | Case No. 3:22-cv-00563-ART-CSD<br><br>ORDER DISMISSING AND CLOSING CASE |

Plaintiff Jose Magana brings this *pro se* civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while he was incarcerated at Lovelock Correctional Center. (ECF No. 1-1). On October 23, 2023, this Court ordered Magana to file his updated address with the Court and either file a fully complete application to proceed *in forma pauperis* for a non-inmate or pay the full $402 filing fee on or before November 22, 2023. (ECF No. 7). The Court warned Magana that this action could be dismissed if he failed to timely comply. (*Id.* at 1–2). The deadline has expired, but Magana has not filed his updated address with the Court and either filed an application to proceed *in forma pauperis* for a non-inmate or paid the filing fee for this action. And the Court's mail to Magana has been returned as undeliverable, noting that he has been paroled. (ECF No. 8).

**I.    DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987)

1

(dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissing Magana's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986). Litigation cannot progress without the ability of the court and defendants to send a plaintiff case correspondence. And this action cannot realistically proceed until Scott either files a fully complete application to proceed *in forma pauperis* for a non-inmate or pays the $402 filing fee for this action. The only alternative to dismissal here is to enter a second order setting

another deadline. But issuing a second order will only delay the inevitable and further squander the Court's finite resources because the chance that the order will even reach Magana is low. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

## II. CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Jose Magana's failure to file his updated address with the Court and either file a fully complete application to proceed *in forma pauperis* for a non-inmate or pay the full $402 filing fee in compliance with this Court's October 23, 2023, order. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Jose Magana wishes to pursue his claims, he must file a complaint in a new case and either pay the required filing fee or properly apply to proceed *in forma pauperis*.

DATED THIS 30th day of November 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE